IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **DELAINA SIMPSON**, on behalf of herself and others similarly situated, | : : : |
| Plaintiff, | : **CASE NO. 1:23-cv-397** : : **JUDGE** : |
| v. | : : **MAGISTRATE JUDGE** : |
| **RHENIUM ALLOYS, INC.**, c/o Fauver Corporate Services, Inc. 409 East Avenue, Suite A Elyria, OH 44035, | : **JURY DEMAND ENDORSED HEREON** : : : : |
| Defendant. | : |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Named Plaintiff Delaina Simpson ("Named Plaintiff") individually and on behalf of others similarly situated, files her Collective and Class Action Complaint against Defendant Rhenium Alloys, Inc., ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15. The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The OPPA claim is brought as a class action pursuant to Federal Rule of Civil Procedure 23. Named Plaintiff also asserts an individual claim for FLSA retaliation under 29 U.S.C. § 215. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf off others similarly situated, hereby states as follows:

**I.  JURISDICTION AND VENUE**

1. This action is brought pursuant to the FLSA, the OPPA, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Northern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Ohio, Defendant conducts substantial business in the Northern District of Ohio, and is incorporated in the state of Ohio.

**II.      PARTIES**

    **A.      Named Plaintiff**

4. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio living in the Northern District of Ohio.

5. Named Plaintiff was employed by Defendant from approximately February 2020 until January 2023.

6. Named Plaintiff was employed as an hourly, non-exempt employee as defined by the FLSA and the OPPA primarily in the position of Assembly Worker at its North Ridgeville location.

7. During her employment, Named Plaintiff worked forty (40) or more hours in one or more workweek(s).

8. At all times relevant, Named Plaintiff primarily performed non-exempt duties such as assembly and production of heat lamps, welding, chemical washing, and quality control.

9. Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A.**

### B. Defendant

10. Defendant Rhenium Alloys, Inc., is a domestic company incorporated in the state of Ohio and conducts substantial business activities in Ohio, including in the Northern District of Ohio.

11. At all times relevant, Defendant was and continues to be an entity engaged in commerce and or the production of goods within the meaning of 29 U.S.C. § 203(s)(1).

12. Defendant is a manufacturer of refractory metals and high temperature products. Products Defendant manufactures include wire, rod, bar; ribbon, foil, sheet and plate; elements, filaments and lamps, production of rhenium metal powder, and other specialty fabricated products.[1]

13. At all relevant times, Defendant has been an "employer" of Named Plaintiff and other similarly situated employees as that term is defined by the FLSA.

14. Upon information and belief, Defendant's main production location is at 38683 Taylor Parkway, North Ridgeville, OH, 44035-6200 ("North Ridgeville location").

15. Defendant employed Named Plaintiff and other similarly situated production employees at its North Ridgeville location.

16. Upon information and belief, Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

---

[1] https://rhenium.com/about-rhenium-alloys.html (last visited February 28, 2023).

17. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

18. During relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

19. During relevant times, Defendant benefitted from the work performed by Named Plaintiff and those similarly situated.

20. Upon information and belief, Defendant operates and controls an enterprise and employs employees engaged in commerce or in the production of goods for commerce or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

21. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees at all of its locations, including policies, practices, and procedures relating to the payment of wages and compliance with the FLSA and the OPPA (as applicable), including overtime wages, timekeeping, maintenance of records, etc.

22. Defendant has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

23. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

### III. FACTS

24. During all times relevant, Named Plaintiff and Defendant's other similarly situated employees are hourly, non-exempt production employees who are entitled to overtime.

25. At all times relevant herein, Named Plaintiff and other similarly situated production employees were "employees" as defined in the FLSA and the OPPA.

26. Defendant was and continues to be an "employer" as that term is defined by the FLSA and the OPPA.

27. Named Plaintiff and other similarly situated production employees worked, or they were scheduled to work, forty (40) or more hours in one or more workweek(s) during the three (3) years immediately preceding the filing of this Complaint.

28. During their employment with Defendant, Named Plaintiff and others similarly situated regularly performed overtime work without compensation.

29. During their employment with Defendant, Named Plaintiff and other similarly situated production employees were not fully and properly paid for all overtime wages because Defendant maintained an unlawful policy or practice of rounding its employees' hours worked in ten (10) minute increments ("Rounding Policy").

30. Defendant permitted its employees to clock in up to ten (10) minutes prior to the scheduled start of shift but would nevertheless round that time up to the scheduled start of their shifts to the employees' detriment. Defendant also required its employees to be at their workstations no later than three (3) minutes prior to the scheduled start time.

31. Conversely, if Defendant's employees clocked in even one (1) minute after the scheduled start of their shift, their time worked would be docked by 15 minutes.

32. For example, on August 26, 2022, Named Plaintiff's time records indicate a clock in at 5:01 am, and a clock out at 10:15 am. However, her records only reflect five (5) hours of work for that shift. Defendant unlawfully docked Named Plaintiff's time worked to her detriment because she was one (1) minute late. Named Plaintiff did not receive credit for fourteen (14) minutes she worked after her scheduled end of shift (10:00 am).

33. Per its policy, if an employee clocked out up to ten (10) minutes after the scheduled end of shift, Defendant would nonetheless round down, depriving the employee of pay for that time worked after the scheduled end of their shift.

34. Defendant applies its Rounding Policy in a way that systematically rounded in Defendant's favor. Defendant's Rounding Policy resulted, over a period of time, in failure to compensate its employees for all the time they actually worked in violation of the FLSA. *See* 29 C.F.R. § 785.48(b).

35. Defendant's failure to compensate Named Plaintiff and other similarly situated production employees, as set forth above, resulted in unpaid overtime.

36. Defendant's unlawful Rounding Policy as alleged herein denied Named Plaintiff and those similarly situated production employees compensable overtime hours and compensation they were entitled to.

37. Defendant's policies described herein resulted in unpaid overtime for Named Plaintiff and other similarly situated production employees.

38. During relevant times, Defendant had knowledge of and acted willfully regarding its conduct described herein. Defendant knew Named Plaintiff and others similarly situated worked overtime without compensation for all overtime hours worked.

39. Upon information and belief, Defendant applied these same policies to all of its hourly, non-exempt production employees.

40. As a result of Defendant's companywide policy and/or practice of rounding its employees' hours worked, Defendant knew or had reason to know that it was not compensating Named Plaintiff and other similarly situated production employees for all hours worked.

41. Defendant is in possession and control of necessary documents and information from which Named Plaintiff and other similarly situated employees would likely be able to calculate their damages. Upon information and belief, Defendant failed to record the necessary and required information to determine all of the time that Named Plaintiff and other similarly situated employees spent working.

## IV.    FLSA COLLECTIVE ALLEGATIONS

42.    Named Plaintiff brings her FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated production employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former hourly, non-exempt production employees of Defendant who were paid for at least forty (40) hours of work in any workweek and were subjected to Defendant's rounding policy or practice described herein beginning three (3) years prior to the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").**

43. This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

44. In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to the companywide unlawful rounding policies and/or practices described herein. Defendant failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members overtime wages for all overtime hours worked. Named Plaintiff is representative of those other similarly situated production employees and is acting on behalf of their interests as well as her own in bringing this action.

45. The identities of the putative FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

46. The net effect of Defendant's policies and practices is that Defendant willfully failed to fully and properly pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendant enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## V.  RULE 23 CLASS ALLEGATIONS

47. Named Plaintiff brings her OPPA claims pursuant to Rule 23 as a class action on behalf of herself and all other members of the following class:

> **All current and former hourly, non-exempt production employees of Defendant who were paid for at least forty (40) hours of work in**

**any workweek and were subjected to Defendant's rounding policy or practice described herein beginning two (2) years prior to the filing date of this Complaint and continuing after the final disposition of this case (hereinafter the "Ohio Rule 23 class" or "Ohio Rule 23 Class Members").**

48. During all relevant times, Named Plaintiff and those Ohio Rule 23 Class Members worked at least forty (40) hours per workweek, but they were not correctly compensated at a rate of at least one-and-one-half times (1.5x) their correct regular rates of pay, as that phrase is defined under the FLSA, for all hours worked in excess of forty (40) because of Defendant's rounding policies and/or practices described herein.

49. The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

50. Named Plaintiff is a member of the Ohio Rule 23 Class and her claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

51. Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

52. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that she has undertaken to represent.

53. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

54. Questions of law and fact are common to the Ohio Rule 23 Class.

55. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt production employees.

56. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or

refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

57. Class certification is appropriate under Rule 23(b)(3) because the questions of law and fact common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

58. Questions of law and fact that are common to the Ohio Rule 23 Class include but are not limited to: (a) whether Defendant violated the OPPA by failing to pay the Ohio Rule 23 Class for hours worked in excess of forty (40) per workweek because of Defendant's rounding policies and practices described herein; (b) whether the unpaid wages remained unpaid for thirty (30) days beyond the regularly scheduled payday; (c) whether Defendant's violations of the OPPA were knowing and willful; (d) what amount of unpaid and/or withheld overtime compensation is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendant's violations of the OPPA; and (e) what amount of prejudgment interest is due to the Ohio Rule 23 Class members for unpaid overtime or other compensation that was withheld or otherwise not paid to them.

59. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be

impractical for class members to pursue individual litigation against Defendant to vindicate its rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## VI. CAUSES OF ACTION

**COUNT I**:
**FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME**

60. All of the preceding paragraphs are realleged as if fully rewritten herein.

61. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

62. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

63. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

64. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

65. Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them overtime wages for all hours worked over forty (40) hours in a workweek because of Defendant's policies and/or practices described herein.

66. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

67. Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

68. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

69. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective Members.

## COUNT II:
## O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION

70. All of the preceding paragraphs are realleged as if fully rewritten herein.

71. Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendant.

72. During all relevant times, Defendant was an entity covered by the OPPA and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

73. The OPPA requires Defendant to timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including unpaid overtime, in accordance with Section 4113.15(A).

74. Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages, including overtime, remained unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

75. By failing to pay Named Plaintiff and the Ohio Rule 23 Class Members all wages due to them, Defendant violated the OPPA.

76. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

77. As a result of Defendant's willful violation, Named Plaintiff and the Ohio Rule 23 Class Members are entitled to unpaid wages and liquidated damages, as stated in Section 4113.15.

## COUNT III:
## NAMED PLAINTIFF'S INDIVIDUAL CLAIM FOR FLSA RETALIATION

78. All of the preceding paragraphs are realleged as if fully rewritten herein.

79. Section 215(a)(3) of the FLSA prohibits employers from discharging or retaliating against an employee for exercising their rights in complaint or protest of failing to receive minimum wage for hours worked. 29 U.S.C. § 215(a)(3).

80. Under Section 215(a)(3), protected activities include, but are not limited to, oral or written complaints as to wage concerns, internal complaints to a manager, employer, or the Wage and Hour Division of the U.S. Department of Labor, requesting payment of wages, exercising rights or attempting to exercise rights.[2]

81. On or around August of 2022, Named Plaintiff's supervisor instituted a policy that employees would need to clock out in order to take emergency personal phone calls.

82. Upon information and belief, application of this phone call policy would result in a fifteen (15) minute reduction in hours worked, even when the phone call was less than three (3) minutes.

83. Due to this change in policy, Named Plaintiff became concerned that she would be docked for the full fifteen (15) minutes even though she had only taken a two (2) minute long phone call. As a result, Named Plaintiff, on her own initiative, researched the legality of Defendant's rounding and timekeeping policies.

---

[2] Field Assistance Bulletin No. 2022-02, U.S. Dep't of Labor (Mar. 10, 2022).

13

84. On or around August 16, 2022, Named Plaintiff spoke to her supervisor about her concerns regarding Defendant's timekeeping policies or practices and whether they were lawful.

85. On or around October of 2022, Named Plaintiff filed an internal wage complaint with Defendant about its Rounding Policy stating within that Defendant had not resolved the concerns raised during her August conversation with her supervisor.

86. On January 25, 2023, Named Plaintiff was terminated. Defendant's termination notice to Named Plaintiff stated: "Layoff due to downturn in business conditions. Lack of work."

87. During the days preceding her termination, Named Plaintiff asked Defendant's HR Department for an update on her October 2022 wage complaint.

88. Defendant's HR Department informed Named Plaintiff that it was updating its system to apply a seven-minute rounding rule to replace its longstanding ten-minute Rounding Policy.

89. The same week of her termination and the alleged "downturn in business conditions," Defendant hired "temporary" replacements that, upon information and belief, are still working for Defendant.

90. On or around August 2022, Named Plaintiff engaged in a protected activity when she asked her supervisor about Defendant's timekeeping policies or practices and whether they were lawful.

91. On or around October of 2022, Named Plaintiff engaged in a second protected activity when she filed an internal complaint with Defendant about its Rounding Policy and its failure to resolve her concerns from her August 2022 conversation.

92. One week before she was discharged in January 2023, Named Plaintiff asked HR for an update regarding the October 2022 wage complaint she filed. In response, Defendant said it had

14

updated its system to change its Rounding Policy from its prior ten-minute rule to a seven-minute rule.

93. Named Plaintiff's January 2023 inquiry was a third protected activity.

94. On January 25, 2023, Named Plaintiff was discharged from her employment with Defendant as part of an alleged "reduction in force."

95. The same week of her termination and the alleged reduction in force, Defendant hired "temporary replacements" that, upon information and belief, are still working for Defendant.

96. Defendant offered a pretextual reason for her discharge when it said that she was laid off due to lack of work.

97. By terminating Named Plaintiff's employment after she followed up about her prior internal wage complaints, Defendant retaliated against her in violation of the FLSA.

98. Because of Defendant's retaliatory action in violation of this section, Plaintiff is entitled to back wages, damages, costs, and reasonable attorney's fees.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C. Certifying the proposed Ohio Rule 23 Class under the OPPA;

D. Finding that Defendant failed to keep accurate records and that, as a result, Named Plaintiff, the FLSA Collective, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiff and the Ohio Rule 23 Class unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the OPPA;

G. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

H. Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class such other and further relief as the Court deems just and proper;

I. For her individual claim of retaliation, an award of damages to Named Plaintiff in an amount to be proved at trial, including, but not limited to, lost wages, compensatory damages, non-compensatory damages, emotional distress damages, nominal damages, liquidated damages, and punitive damages;

J. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Rendering a judgment against Defendant for all damages, relief, or any other recovery whatsoever.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (100041)
Tristan T. Akers (0102298)
1550 Old Henderson Rd

          Suite #126
          Columbus, Ohio 43220
          Phone: 614-949-1181
          Fax: 614-386-9964
          Email: mcoffman@mcoffmanlegal.com
             agedling@mcoffmanlegal.com
             khendren@mcoffmanlegal.com
             takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated.*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

          */s/ Matthew J.P. Coffman*
          Matthew J.P. Coffman

17